ALISHAN A. JADHAVJI (SBN: 281177)
THE JADHAVJI LAW FIRM
2408 34th St. Unit 3
Santa Monica, CA 90405
Telephone: (818) 371-1399
alishan@tjflegal.com

Attorney for Defendants

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| P4C GLOBAL, INC. a California Corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>PULSE SUPPLY CHAINS SOLUTIONS, INC. A TEXAS CORPORATION, ANWER JADHAVJI, AN INDIVIDUAL, AND ASIF JADHAVJI, AN INDIVIDUAL AND DOES 1 THROUGH 25 INCLUSIVE,<br><br>　　　　　Defendants, | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY BY DEFENDANT ASIF JADHAVJI**<br><br>[Filed concurrently with Civil Cover Sheet, Notice of Interested Parties, Corporate Disclosure Statement and Joinder of Defendants to Notice of Removal]<br><br>State Complaint Filed: 12/16/2019 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Asif Jadhavji ("Asif"), with the consent of Defendant Pulse Supply Chain Solutions, Inc. ("Pulse") and Defendant Anwer Jadhavji ("Anwer") (collectively, "Defendants"), hereby removes this civil action from the Superior Court of California for the County of Los Angeles, where it is currently pending as Case No. 19STCV45112, to the United States District Court of California, Western District.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exits between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff P4C Global, Inc. ("P4C or "Plaintiff") is a

California corporation with its principal place of business in the State of California. Individual Defendants Asif and Anwer are citizens of the State of Texas and Defendant Pulse is a Texas corporation with its principal place of business in the State of Texas.

## BACKGROUND

On December 16, 2019, an action was commenced in the Superior Court of California in and for the County of Los Angeles, entitled *P4C Global, Inc. a California Corporation, v. Pulse Supply Chain Solutions, Inc. a Texas Corporation, Anwer Jadhavji, an individual, and Asif Jadhavji, an individual, and Does 1 through 25, inclusive,* as Case No. 19STCV45112, a copy of the Summons and Complaint is attached hereto as **Exhibit 1.**

All Defendants have been served with a copy of the Summons and Complaint. The last served Defendants, Asif and Pulse, were served with process on January 17, 2020.

## GROUNDS FOR REMOVAL

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different states and in which citizens or subjects of a foreign state are additional parties.[.]"

**I.    The Amount-In-Controversy Requirement is Satisfied.**

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). The Ninth Circuit employs the "either viewpoint" test to determine the value of the object of the litigation. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017). "Under the 'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank*, 264 F.3d 952, 959 (9th Cir. 2001).

Here, the Complaint states the sum of $127,910.20 – the invoiced sums paid by Plaintiff to Pulse – is at issue. Ex. 1, Complaint, p. 4, ¶¶ 15, 18, 24.

Accordingly, the amount in controversy in this action well exceeds $75,000, exclusive of interests and costs. Because of this, removal on the basis of diversity should be allowed pursuant to 28 U.S.C. § 1441(b).

**II.   Complete Diversity of Citizenship Exists Between Plaintiffs and All Defendants**

Plaintiff P4C alleges at Paragraph 1 of the Complaint that it is a "California corporation, with its corporate offices located [in] … California."

Plaintiff alleges at Paragraphs 3 and 4 of the Complaint that individual defendants, Asif and Anwer, "reside[] in Texas[.]" Defendants Asif and Anwer admit that they are citizens and domiciliary of the State of Texas.

Plaintiff alleges at Paragraph 2 that corporation defendant Pulse is "a Texas corporation with its principal place of business in Texas[.]" Pulse admits that it was incorporated in the State of Texas and its principal place of business is in the State of Texas.

Defendants Anwer and Pulse consent to and join Defendant Asif in this Notice of Removal.

The Complaint also names Doe Defendants "1 through 25". Ex. 1, Complaint, p. 1 ¶ 5, 6. For purposes of removal, however, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Therefore, the inclusion of "Doe" defendants in the state court Complaint has no effect on removability. In determining whether diversity of citizenship exists, only the named defendants are considered. *See Newcombe v. Adolf Coors Co*., 157 F.3d 686, 690-691 (9th Cir. 1998); *see also Olive v. Gen. Nutrition Ctrs., Inc*., No. 2:12-cv04297-ODW, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); *Marsikyan v. Porsche Cars N. Am., Inc*., No. CV 11-09411 SJO, 2012 WL 280585, at *2 (C.D. Cal. Jan. 30, 2012).

**III.   The Other Prerequisites for Removal Are Satisfied.**

This Notice of Removal is timely filed. The relevant statute provides that "[e]ach defendant shall have 30 days after receipt … of the initial pleading … to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). Plaintiff served process of service on Defendant Anwer on January 14, 2020 and Defendants Asif and Pulse on January 17, 2020.

This action is properly removed to the United States District Court for the Central District of California, Western Division, which is "the district and division embracing the place where [the]

action is pending." 28 U.S.C. § 1441(a); see also 28 U.S.C. § 84(c)(2) (listing the counties within the Western Division of the Central District of California).

Title 28 U.S.C. § 1446(a), requires a copy of all process, pleadings, and orders served upon the removing defendant in the state court action (Case No. BC 19STCV45112) to be included with this Notice of Removal. Accordingly, attached hereto as **Exhibit 1**, Summons and Complaint, and **Exhibit 2**, Civil Case Cover Sheet Civil Case Coversheet Addendum and Statement of Location, Notice of Case Management Conference and Notice of Case Assignment - Unlimited Civil Case.

Pursuant to 28 U.S.C. § 1446(d), a Notice to Adverse Party of Removal to Federal Court, attached hereto as **Exhibit 3**, together with this Notice of Removal, will be served upon counsel for Plaintiff and will be filed with the clerk of the Superior Court for the County of Los Angeles.

By filing this Notice of Removal, Defendants do not waive their right to object to jurisdiction over the person, or venue, and specifically reserve their right to assert any defenses and/or objections to which they may be qualified to assert.

If any question arises as to the propriety of the removal of this action, Asif respectfully requests the opportunity to submit briefing and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists.

Dated: February 18, 2020                                                    **THE JADHAVJI LAW FIRM**

By: _____
Alishan A. Jadhavji
*Attorney for Defendants*